*December*, 1823.                    Gibson *against* Laughlin.

1, Writ of capias
dated and exe-
cuted 2d day of
*September*, 1822,
returnable on 1st
*Monday* after 4th
*Monday* in *Sep-
tember* next, by
reference to its
date and time
of service is to be
understood as re-
turnable on 1st
*Monday* after 4th
*Monday* in *Sep-
tember*, 1822.

2, In striking out
plea in abate-
ment as frivolous,
the judgment
should be that
defendant answer
over immediate-
ly, and not be fi-
nal.

DEBT by *Laughlin* against *Gibson* in the Circuit Court
of *Lauderdale* County.  The Writ of capias was dated and
executed on the 2d day of *September*, 1822, and returnable
to the " next Circuit Court to be held for said County at
" the Court-house in the town of *Florence*, on the first *Mon-
" day* after the fourth *Monday* in *September* next."  Plea in
abatement, (referring to the date of the Writ)—That the
Writ was returnable on first *Monday* after fourth *Monday* in
*September* next, (to wit, *September*, 1823,) which was not
the first term of said Court after the Writ was issued, but
two terms after.  On motion of the plaintiff the Circuit
Court ordered this plea to be stricken out, and without any
order for defendant to plead over, rendered judgment by de-
fault; and this matter was here assigned as Error.

*Coalter*, for plaintiff—cited, 5 Term R. 52.  Salk. 700.
3 John. 541.

*Wm. B. Martin*, for defendant in Error.

The Chief Justice delivered the opinion of the Court.
It is the opinion of the Court, that the plea in abatement
was properly enough stricken out.  The return of the Writ is

susceptible of being rendered sufficiently certain by a reference to its date and the time of service. At most the term used, (viz.) "*September* next," is one of double import. We are, however, of opinion, that the Circuit Court erred in rendering final judgment on the motion to strike out the plea in abatement as frivolous. The judgment ought to have been, that he immediately answer over. For this Error the judgment of the Circuit Court must be reversed and cause remanded.